**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-61198-LEIBOWITZ/AUGUSTIN-BIRCH**

**DEBRA CASE, *et al.*,**

**Plaintiffs,**

**v.**

**BANK OF AMERICA, N.A.,**

**Defendant.**
**_____________________________________________/**

**ORDER DENYING PLAINTIFFS' MOTION**
**FOR DISCOVERY RELIEF AND SANCTIONS**

The Honorable David S. Leibowitz, United States District Judge, referred this case to the undersigned United States Magistrate Judge for the resolution of discovery disputes. DE 30 at 2. The case now comes before the Court on Plaintiffs Debra and Terrence Case's Motion for Discovery Relief and Sanctions. The Motion is fully briefed at docket entries 113, 115, and 124, with Defendant Bank of America, N.A. filing an update at docket entry 123. The Court held a hearing on the Motion on September 14, 2026. Having considered the briefing, the parties' arguments during the hearing, and the record, the Motion is **DENIED**.

Plaintiffs make seven categories of requests in the Motion. As the first category, Plaintiffs seek to compel Defendant to produce "the policies and job aids that [Defendant's] production cross-references but does not include." Defendant states in its update and stated on the record during the September 14 hearing that it has satisfied this request by producing the responsive documents for the period of February 2024 through October 2024.

Plaintiffs argued during the hearing that they have requested the responsive documents for a period of six years beginning in 2020. The Court will not compel Defendant to produce the responsive documents for a six-year period. The alleged events that provide the basis for Plaintiffs' claims against Defendant took place during a discrete period of time in and around February of 2024. *See* DE 48 ¶¶ 12, 19. It is disproportional to require Defendant to produce policies and job aids for a period of six years, and Plaintiffs have not proposed a narrower period of time that they believe is more appropriate. Plaintiffs' request for further relief with respect to the first category is denied.

As the second category, Plaintiffs seek to compel Defendant to produce "the training materials" Defendant referenced in its responses to requests for admissions. *See* DE 82-6 at 10–11 (Defendant's admissions "that between 2020 and February 2024, it provided training materials to employees concerning gift card fraud schemes" and "impersonation scams" and admissions "that its fraud detection training materials in effect in February 2024 identified impersonation scams as a threat to customers" and "identified gift card purchases as a common element of fraud schemes"). Defendant represents that it already produced job aids that contain "the operational guidance provided to associates and used in performing the work at issue."

Neither side has identified to the Court additional training material that includes information relevant to this case. As the job aids Defendant already produced contain the relevant operational guidance, it is disproportional to require Defendant to search years of records to determine whether additional training material might exist. Plaintiffs' request for further relief with respect to the second category is denied.

As the third category, Plaintiffs seek to compel Defendant to produce "'Handle Wealth Account Suspicious Activity,' which Defendant withholds as Merrill-related even though its own

correspondence states that Ms. Case reported 'someone she believed to be a Merrill employee' changed her online banking profile." Defendant represents that this material relates to suspicious activity involving Merrill Lynch investment and deposit accounts.

The account activity that provides the basis for Plaintiffs' claims against Defendant was activity on a Bank of America credit card, not activity involving a Merrill Lynch investment or deposit account. *See* DE 48 ¶¶ 19–21. The Court fails to see how material relating to Merrill Lynch investment or deposit accounts is relevant to this case or how a cybercriminal posing as a Merrill Lynch employee makes it so. Plaintiffs' request for relief with respect to the third category is denied.

As the fourth category, Plaintiffs seek to compel Defendant to produce "written confirmation that the September 4 unredacted re-service is complete." During the September 14 hearing, Defendant represented on the record that the September 4 unredacted re-service is complete. That representation to the Court and on the record is sufficient. Plaintiffs' request for a written confirmation is denied.

As the fifth category, Plaintiffs seek to compel Defendant to produce "the messages between Ms. Phillips and her supervisor." Defendant states in its update and stated on the record during the September 14 hearing that it has produced these messages. Plaintiffs' request for production of the messages is denied as moot.

As the sixth category, Plaintiffs seek to compel Defendant to produce "a sworn statement of the date Defendant's litigation hold issued, its recipients and their titles, the notification dates, and the categories it covers." Plaintiffs make this request because Defendant previously stated

that the messages between Ms. Phillips and her supervisor may have been destroyed,[1] and Plaintiffs maintain that Defendant had a duty to preserve the messages. But the messages were not destroyed, and Defendant now has produced them. As Plaintiffs have not identified evidence Defendant failed to preserve, the Court sees no need to require Defendant to produce a sworn statement concerning its litigation hold. Plaintiffs' request for such a statement is denied.

As the seventh category, Plaintiffs ask for sanctions because, according to them, Defendant's corporate representative was unprepared during the 30(b)(6) deposition held on August 26. That deposition was not concluded and resumed on September 15. Plaintiffs ask that Defendant bear the costs of the August 26 and September 15 depositions, bear Plaintiffs' fees, and be precluded "from relying on the withheld materials and from supplying [Defendant's] answers through other witnesses, declarations, or evidence in place of the designee testimony."

Plaintiffs' requests with respect to the seventh category are denied without prejudice, given that the deposition at issue had not concluded by the time of the Court's hearing. In any future motion for relief with respect to the 30(b)(6) deposition, Plaintiffs must point the Court to the specific questions to which they believe they have not received answers, attaching a copy of the full deposition transcript to the motion. In conclusion, Plaintiffs' Motion for Discovery Relief and Sanctions [DE 113] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 16th day of September, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

[1] According to Defendant, it believed the messages may have been destroyed because the messaging platform that Ms. Phillips and her supervisor used has been deactivated. Defendant later was able to retrieve the messages from an archival system and produce them to Plaintiffs.